**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DALE R. MITCHELL, | No. 14-35099 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-05150-RMP |
| v. | |
| SPENCER FOX; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Dale R. Mitchell, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials destroyed and confiscated his religious property in violation of the

First Amendment and the Religious Land Use and Institutionalized Persons Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("RLUIPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment because Mitchell failed to raise a genuine dispute of material fact as to whether defendants' actions substantially burdened his ability to exercise his religion. *See Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989) (in order to establish a First Amendment free exercise violation, plaintiff must show that defendants substantially burdened the practice of his religion); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir. 2005) (under RLUIPA, prisoner has the initial burden to demonstrate a prima facie claim that prison policies constitute a substantial burden on the exercise of his religious beliefs); *see also Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (to be constitutionally significant, the burden placed on free exercise "must be more than an inconvenience"), *abrogated on other grounds as recognized in Shakur*, 514 F.3d at 884-85.

Mitchell's motion, filed June 27, 2014, is denied as unnecessary.

**AFFIRMED.**